UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MANDY POULIN, as Executrix of the Estate of KURT
HIEBAUM, deceased, and MANDY POULIN,
Individually,

                                                Plaintiffs,                        **COMPLAINT**

       -v-

UNITED STATES OF AMERICA,

                                                Defendant,
-----------------------------------------------------------------X

Plaintiffs, though their attorneys, Meagher & Meagher, P.C., upon information and belief, allege the following:

## SUBJECT MATTER JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. 1346(b) and 1367(a).

2. Venue is proper pursuant to 28 U.S.C. 1391(e) in that this is an action against the United States of America and agents thereof are located in the County of Westchester and the acts and omissions alleged occurred within the Southern District of New York and Plaintiff resides in Port Chester, New York.

## THE PARTIES

3. Plaintiff-Decedent, KURT HIEBAUM, died on February 15, 2019.

4. MANDY POULIN is an adult over the age of eighteen (18) and is the Executrix of the Estate of KURT HIEBAUM.

5. Plaintiff, MANDY POULIN resides at 17 Madison Avenue, Port Chester, New York 10573.

1

6. Plaintiff-Decedent, KURT HIEBAUM, died a resident of Count of Westchester, State of New York, residing at 17 Madison Avenue, Port Chester, New York 10573.

7. On November 25, 2019 Letters Testamentary were issued by the Surrogates Court, Westchester County to MANDY POULIN and remain in full force and effect.

8. At all times herein mentioned, OPEN DOOR FAMILY MEDICAL CENTER (hereinafter referred to "OPEN DOOR"), was a duly constituted department and entity of the UNITED STATES OF AMERICA.

9. At all times hereinafter mentioned Defendant, UNITED STATES OF AMERICA, owned, operated, managed, and funded Defendant, OPEN DOOR.

10. At all times Defendant, OPEN DOOR, had a principal place of business located at 5 Grace Church Street, Port Chester, New York 10573.

11. At all the times hereinafter mentioned, the Defendant, THOMAS YUEN (hereinafter referred to as "YUEN), was a physician licensed to practice medicine and practicing medicine in the State of New York.

12. At all the times hereinafter mentioned, the defendant, YUEN, was an employee of the defendant, UNITED STATES OF AMERICA.

13. At all times hereinafter mentioned, the Defendant, YUEN, was acting within the scope of his employment as an employee of the Defendant, UNITED STATES OF AMERICA.

14. At all the times hereinafter mentioned, the defendant, YUEN, was an employee of the defendant, OPEN DOOR.

15. At all times hereinafter mentioned, the Defendant, YUEN, was acting within the scope of his employment as an employee of the Defendant, OPEN DOOR.

16. At all times hereinafter mentioned, the Defendant, OPEN DOOR, owned,

operated and controlled the facility located at 5 Grace Church Street, Port Chester, New York 10573.

17. At all times hereinafter mentioned, the Defendant, UNITED STATES OF AMERICAN, owned, operated and controlled the facility located at 5 Grace Church Street, Port Chester, New York 10573.

18. At all times hereinafter mentioned, Defendant, OPEN DOOR, claimed to and held itself out to the public that they provided proper medical care, safety and good treatment to its patients, including Plaintiff-Decedent, KURT HIEBAUM.

19. At all times hereinafter mentioned, Defendant, UNITED STATES OF AMERICA, claimed to and held itself out to the public that they provided proper medical care, safety and good treatment to its patients, including Plaintiff-Decedent, KURT HIEBAUM.

20. From June of 2007 through July of 2017, Plaintiff-Decedent, KURT HIEBAUM was a patient of Defendant, UNITED STATES OF AMERICA.

21. From June of 2007 through July of 2017, Plaintiff-Decedent KURT HIEBAUM, was a patient of Defendant, OPEN DOOR.

22. From June of 2007 through July of 2017, Plaintiff-Decedent KURT HIEBAUM, was a patient of Defendant, YUEN.

23. During the years 2007 through 2017, and more specifically from June 2007 through July 2017, the Defendant, UNITED STATES OF AMERICA, provided medical care and treatment to Plaintiff-Decedent, KURT HIEBAUM.

24. During the years 2007 through 2017, and more specifically from June 2007 through July 2017, the Defendant, OPEN DOOR, provided medical care and treatment to Plaintiff-Decedent, KURT HIEBAUAM.

25. During the years 2007 through 2017, and more specifically from June 2007 through July 2017, the Defendant, YUEN, provided medical care and treatment to Plaintiff-Decedent, KURT HIEBAUAM.

26. That at all times herein mentioned, from 2007 through 2017, Defendants, their agents, servants and/or employees failed to appreciate and treat the signs and symptoms of prostate cancer in the Plaintiff-Decedent, KURT HIEBAUM.

27. That at all times herein mentioned, from 2007 through 2017, Defendants, their agents, servants and/or employees failed to follow the standards of care as it related to, *inter alia*, runing routine screening for prostate cancer at appropriate and recommended times and intervals, following up on results of test, performing appropriate prostate examinations, ask age appropriate questions; elicit appropriate histories; follow protocols for PSA testing, resulting in the failure to timely appreciate and treat the signs and symptoms of prostate cancer at a time when it would have impacted on the Plaintiff-Decedent, KURT HIEBAUM's life expectancy.

28. That at all times herein mentioned, from 2007 through 2017, Defendants, their agents, servants and/or employees failed to follow the standards of care resulting in the lose of chance of cure for Plaintiff-Decedent, KURT HIEBAUM.

29. On or about August 22, 2017, Plaintiff-Decedent, KURT HIEBAUM, was diagnosed with Stage IV metastatic prostate cancer, malignant neoplasm of the prostate with extensive retroperitoneal and pelvic lymphadenopathy.

**FEDERAL TORT CLAIMS ACT (FTCA) ADMINISTRATIVE PROCEDURE**

30. On November 26, 2019, Plaintiffs' presented their claims to the appropriate Federal Agency for administrative settlement under the FTCA pursuant to 28 U.S.C. § 2671, et, seq. (See Forms 95 submitted on behalf of MANDY POULIN and KURT HIEBAUM attached

herewith).

31. By letter dated December 5, 2019, Plaintiffs' claims were denied. (See denial letter attached herewith).

32. Pursuant to 28 U.S.C. 2401(b) the within Summons and Complaint is timely.

**AS AND FOR A FIRST CAUSE OF ACTION FOR PERSONAL INJURIES**

33 Plaintiffs repeats, reiterates and realleges each and every allegation of paragraphs "1" through "32" inclusive with the same force and effect as if more fully set forth herein.

34. Defendants, their agents, servants and/or employees undertook to attend and provide medical care to Plaintiff-Decedent, KURT HIEBAUM, from June of 2007 through July of 2017 at Defendant OPEN DOOR's facilities located at 5 Grace Church Street, Port Chester, New York 10573.

35. Beginning on June 27, 2007 and continuing through July of 2017, the Plaintiff-Decedent, KURT HIEBAUM, presented to Defendants, their agents, servants and employees with signs and symptoms that were indicative of prostate cancer.

36. Defendants, their agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, KURT HIEBAUM, by failing to appreciate the signs and symptoms of prostate cancer exhibited by KURT HIEBAUM and make appropriate recommendations.

37. Defendants, their agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, KURT HIEBAUM, by failing to monitor him for prostate cancer.

38. Defendants, their agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, KURT HIEBAUM, by failing to perform age appropriate diagnostic tests and/or assessments upon him.

39. Defendants, their agents, servants and employees were negligent in their treatment

of Plaintiff-Decedent, KURT HIEBAUM, by failing to timely diagnose Plaintiff-Decedent with prostate cancer.

40. Defendants, their agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, KURT HIEBAUM, by failing to perform thorough physical examinations, and repeat them at appropriate intervals.

41. Defendants, their agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, KURT HIEBAUM, by failing to appreciate and follow up on Plaintiff-Decedent's elevated PSA level reported in the June 2007 lab results.

42. Defendants, their agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, KURT HIEBAUM, by failing to administer regular and continuous testing of Plaintiff-Decedent's PSA levels.

43. Defendants, their agents, servants and employees were negligent in their treatment of Plaintiff-Decedent, KURT HIEBAUM, by failing to perform digital rectal exams and repeat digital exams on Plaintiff-Decedent.

44. As a result of the improper medical care and treatment and/or the lack thereof rendered to Plaintiff-Decedent, KURT HIEBAUM, by the Defendants herein, one, some or all of them, their agents, servants and/or employees, the Decedent sustained severe, serious, and permanent personal injuries.

45. The injuries and damages sustained by Plaintiff-Decedent were caused by the negligence of the Defendants, their agents, servants and/or employees without any negligence on the part of the Plaintiffs contributing thereto.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

46. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "45" inclusive with the same force and effect as if more fully set forth herein.

47. Defendants and their agents, servants and/or employees performed and/or failed to perform medical treatment, procedures and diagnostic procedures upon Plaintiff-Decedent, KURT HIEBAUM, without obtaining his informed consent.

48. Defendants and their agents, servants and/or employees failed to disclose all of the facts that a reasonable doctor, healthcare personnel under such circumstances would explain to a patient, including failure to disclose the risks and benefits of various courses of treatment, the alternative thereto, and the risks and benefits relating to the alternatives, and otherwise failed to properly, adequately, and fully inform the Plaintiff-Decedent.

49.. Defendants, its agents, servants and/or employees failed to advise Plaintiff-Decedent, KURT HIEBAUM, of the risks, dangers and consequences associated with the performance or nonperformance of the aforesaid medical treatments, procedures, and diagnostic procedures.

50. A reasonably prudent person in Plaintiff-Decedent's position would not have permitted, allowed or undergone the medical treatments, procedures, and/or diagnostic procedures and would have chosen a different course of treatment if he had been fully informed of the risks, dangers and consequences and the alternatives thereto.

51. As a result of the aforesaid medical treatments, procedures, and/or diagnostic procedures being withheld or performed upon Plaintiff-Decedent, without his informed consent, the Plaintiff-Decedent, KURT HIEBAUM, was damaged.

52. As a result of the Defendants' failure to obtain informed consent Plaintiff-

7

Decedent, KURT HIEBAUM was caused to sustain severe and permanent injuries.

53. Such lack of informed consent is a proximate cause of Plaintiff-Decedent, KURT HIEBAUM's injuries for which relief is sought herein.

54. The injuries and damages sustained by the Decedent were caused by the negligence of the Defendants, their agents, servants and/or employees without any negligence on the part of the Plaintiffs, KURT HIEBAUM and MANDY POULIN, contributing thereto.

55. By reason of the foregoing, FIRST CAUSE OF ACTION and SECOND CAUSE OF ACTION Plaintiffs have been damage in the sum of TWO MILLION ($2,000,000.00) Dollars.

### AS AND FOR A THIRD CAUSE OF ACTION FOR LOSS OF SERVICES

56. Plaintiff repeats and reiterates and re-alleges all allegations set forth in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. At all the times herein before mentioned, the Plaintiff, MANDY POULIN, was the lawful spouse of Plaintiff-Decedent, KURT HIEBAUM, and cohabited with him as husband and wife.

58. That by reason of the foregoing negligence of the defendants herein and without any negligence or culpable conduct on Plaintiffs' part contributing thereto, the Plaintiff, MANDY POULIN, has been deprived of the consortium, services, love and affection of her husband, all to her damage in the sum of ONE MILLION ($1,000,000.00) Dollars.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR WRONGFUL DEATH

59. Plaintiff repeats and reiterates and re-alleges all allegations set forth in paragraphs "1" through "58" with the same force and effect as if fully set forth herein.

60. The aforesaid death of Plaintiff-Decedent, KURT HIEBAUM, was due to

carelessness, negligence, abandonment and/or departures from accepted and proper medical, oncological, hospital, proctological and other good practices, on the part of the Defendants herein, their agents, servants and/or employees, in the care and treatment or lack thereof that was rendered to Plaintiff-Decedent herein, without any negligence on the part of the Plaintiffs contributing thereto.

61. At the time of his death, Plaintiff-Decedent, KURT HIEBAUM, left surviving his next of kin who suffered pecuniary and other losses as a result of his death.

62. As a result of the aforesaid, Plaintiffs herein, Estate of KURT HIEBUAM and MANDY POULIN and other next of kin, have been damaged in a sum of THREE MILLION ($3,000,000.00) Dollars.

**STATEMENT REGARDING EXCEPTIONS IN CPLR ARTICLE 16.**

63. This action falls within one or more exceptions set forth in the Civil Practice Laws and Rules Section 1602.

**WHEREFORE**, Plaintiffs demand judgment against all defendants for:

a) Damages in the sum of Two Million and 00/00 Dollars ($2,000,000.00) in the FIRST and SECOND CAUSES OF ACTION;

b) Damages in the sum of One Million ($1,000,000.00) Dollars in the THIRD CAUSE OF ACTION;

c) Damages in the sum of Three Million and 00/100 ($3,000,000.00) Dollars in the FOURTH CAUSE OF ACTION;

d) Costs, disbursements, and attorney fees; and

e) Such other and further relief as this court deems just and proper.

Dated: White Plains, New York
May 14, 2020

_Keith Clarke_ (signature)
By: Keith J. Clarke, Esq.
MEAGHER & MEAGHER, P.C.
*Attorneys for Plaintiffs*
111 Church Street
White Plains, New York 10601
(914) 328-8844
Fax: (914) 328-8570
meagherandmeagher@verizon.net

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MANDY POULIN, as Executrix of the Estate of KURT
HIEBAUM, deceased, and MANDY POULIN,
Individually,

                               Plaintiffs,                        **CERTIFICATE**
                                                                             **OF MEDICAL**
        -v-                                                                         **MALPRACTICE**

UNITED STATES OF AMERICA,

                              Defendant,
-------------------------------------------------------------------X

     KEITH J. CLARKE, an attorney duly admitted to practice in the Courts of the State of New York and the United States District Court for the Southern District of New York hereby affirms under the penalties of perjury:

     I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this state, or any other state, and I reasonably believe that said physician is knowledgeable as to the relevant issues involved in this particular action and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated: White Plains, New York
         May 15, 2020

                                                                      */s/ Keith Clarke*
                                                                   KEITH J. CLARKE, ESQ.

Case No.: _____

UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF NEW YORK

MANDY POULIN, as Executrix of the Estate of KURT
HIEBAUM, deceased, and MANDY POULIN,
Individually,

                              Plaintiffs,

-v-

UNITED STATES OF AMERICA,

                              Defendants.

## COMPLAINT

**MEAGHER & MEAGHER, P.C.**
*Attorney for Plaintiff*
111 Church Street
White Plains, New York 10601
(914) 328-8844

Pursuant to FRCP Rule 11, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

Dated: May 15, 2020      Signature _____

                              Print Signature's Name KEITH J. CLARKE, ESQ.

Service of a copy of the within                    is hereby admitted.
Dated: _____

                              _____
                              Attorney(s) for